# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE №.:
MAGISTRATE JUDGE:

CECILIA SOLIVAN, Individually and
as Personal Representative of the
ESTATE OF ELVIN SOLIVAN, on behalf of
the Legal Survivors of ELVIN SOLIVAN,
Deceased,

      Plaintiff(s),

v.

CITY OF HIALEAH, a Municipality within the
State of Florida,
RAUL L. MARTINEZ, Individually and in his
Official Capacity as the Mayor of the
City of Hialeah,
ROLANDO D. BOLAÑOS, Individually and
in his Official Capacity as Chief of the City
of Hialeah Police Department,
FRANK CALDARA, City of Hialeah Police
Officer, in his Individual Capacity,
HERBERT RUIZ, City of Hialeah Police
Officer, in his Individual Capacity,
FERNANDO CARVAJAL, City of Hialeah
Police Officer, in his Individual Capacity, and
CHRISTOPHER M. MARTINEZ, City of Hialeah
Police Officer, in his Individual Capacity.

      Defendants.

_____/



## COMPLAINT

    Plaintiff, CECILIA SOLIVAN, Individually and as Personal Representative of the

ESTATE OF ELVIN SOLIVAN ("ESTATE"), on behalf of the Legal Survivors of the

Deceased, ELVIN SOLIVAN ("ELVIN", "ELVIN SOLIVAN" and/or "DECEASED"), by and



through undersigned counsel, hereby sues Defendants, CITY OF HIALEAH, a Municipality within the State of Florida ("CITY" and/or "HIALEAH"), RAUL L. MARTINEZ, Individually and in his Official Capacity as the Mayor of the City of Hialeah ("MAYOR" and/or "MARTINEZ"), ROLANDO D. BOLAÑOS, Individually and in his Official Capacity as Chief of the City of Hialeah Police Department, a Department of the City of Hialeah ("BOLAÑOS" and/or "CHIEF"), FRANK CALDARA, Individually, as a City of Hialeah Police Officer ("CALDARA"), HERBERT RUIZ, Individually as a City of Hialeah Police Officer ("RUIZ"), FERNANDO CARVAJAL, Individually as a City of Hialeah Police Officer ("CARVAJAL"), and CHRISTOPHER M. MARTINEZ, Individually as a City of Hialeah Police Officer ("Officer MARTINEZ"), and alleges as follows:

## I.    JURISDICTION & VENUE

1.      This is an action at law and in equity to redress the deprivation under color of state law, statute, ordinance, regulation, custom and/or usage of a right, privilege and immunity secured to Plaintiff and/or the Deceased ELVIN SOLIVAN by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States pursuant to the United States Civil Rights Act, as amended Title 42 U.S.C. §§ 1983 and 1988; and jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343 (a)(1)(2)(3) and (4), §1367(a), and §§ 2201 and 2202, for the commission of various torts against the deceased, ELVIN SOLIVAN, pursuant to the above provisions and the Constitution of the State of Florida and the Florida Tort Claims Act, §768.28 and §768.31 of Florida Statutes (hereinafter referred to as "tort claims"), as well as the Florida Wrongful Death Act, pursuant to Florida Statute §768.16, et seq.

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

2.     The acts, omissions and other events complained of herewith, at all times material hereto, took place and/or occurred within the City of Hialeah, situated within the County of Miami-Dade, Florida, located within the State of Florida, and the jurisdiction of the United States District Court, Southern District of Florida, within the United States of America.

## II.   PARTIES

3.     At all times material hereto, the Personal Representative of the ESTATE OF ELVIN SOLIVAN, CECILIA SOLIVAN, Grandmother, former Legal Guardian and Legal Survivor of ELVIN SOLIVAN, was and is a citizen of the United States residing in the City of Hialeah, within the County of Miami-Dade, State of Florida, and the Southern District of Florida; and, at all material times hereto, NESTOR SOLIVAN, Father and Legal Survivor of ELVIN SOLIVAN, was and is a citizen of the United States residing in the City of Hialeah, within the County of Miami-Dade, State of Florida, and the Southern District of Florida.

4.     At all times material hereto, Defendant Officers FRANK CALDARA, HERBERT RUIZ, FERNANDO CARVAJAL and CHRISTOPHER M. MARTINEZ were duly appointed and acting as police officers for the City of Hialeah through its police department.

5.     At all times material hereto, Defendant Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ were acting under the color of their official capacity as police officers employed by the City of Hialeah. Defendant Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ are persons within the meaning of 42 U.S.C. § 1983. The acts of Defendant Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ as

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

complained of were performed under color of law, and CALDARA, RUIZ, CARVAJAL and MARTINEZ are being sued in their individual capacities.

6.     At all times material hereto, Defendant Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ were servants, agents and employees of Defendant City of Hialeah, so that their acts are imputed to the municipality. Defendant Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ were acting pursuant to specific orders and directives from the municipality that provided each of them with a service firearm, and an official badge and identification card which designated and described its bearer as superintendent or police officer of the City of Hialeah through its police department.

7.     At all times material hereto, Defendant Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ separately and in concert, acted under color and pretense of law; to wit: under color of the statutes, ordinances, regulations, customs and usage of the City of Hialeah.   CALDARA, RUIZ, CARVAJAL and MARTINEZ separately and in concert engaged in the illegal conduct mentioned herein, thereby recklessly, with deliberate and callous disregard for ELVIN SOLIVAN's rights, proximately causing his death and depriving ELVIN SOLIVAN of the rights, privileges and immunities secured to him by the United States Constitution, United States Code, Florida Constitution and Florida Statutes as set forth herein.

8.     At all times material hereto, Defendant CITY OF HIALEAH is and was a municipal corporation and political subdivision of the State of Florida that operates, manages, directs and controls the City of Hialeah Police Department, which employs the other named Defendants.   The CITY OF HIALEAH is a party subject to action and suit within the meaning of 42 U.S.C. § 1983.

4

9.     At all times material hereto, Defendant RAUL L. MARTINEZ is and was the MAYOR of the City of Hialeah and, as such, has the responsibility and authority for the operation, management, direction and control of the policies, procedures, customs, and administrative orders established by the City of Hialeah as implemented by the City of Hialeah Police Department.   Defendant RAUL L. MARTINEZ is a party subject to action and suit within the meaning of 42 U.S.C. § 1983, and is being sued in his individual and official capacities.

10.     At all times material hereto, Defendant ROLANDO D. BOLAÑOS is and was the Chief of the City of Hialeah Police Department and, as such, has the responsibility and authority for the operation, management, direction and control of the policies, procedures, customs, and administrative orders established by the City of Hialeah as implemented through the City of Hialeah Police Department.   Defendant ROLANDO D. BOLAÑOS is a party subject to action and suit within the meaning of 42 U.S.C. § 1983, and is being sued in his individual and official capacities.

## III.   SUMMARY OF FACTS: THE SHOOTING

11.     During the evening of Tuesday, January 8, 2002, ELVIN SOLIVAN was an unarmed 21 year-old driving a vehicle within the City of Hialeah, and a minor as defined by the Florida Wrongful Death Act, *supra*.

12.     During such time, City of Hialeah officers, including CALDARA and RUIZ, began to follow ELVIN closely without knowledge of his identity or reasonable suspicion that any offense greater than a routine traffic violation had possibly been committed.

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

13.    Thereafter, ELVIN pulled over and got out of the vehicle without making any threatening action, exhibiting any weapon or holding any objects.

14.    At such time, ELVIN was shot with weapons wielded by Officers RUIZ and CALDARA, and sustained multiple gunshot wounds from Officer CALDARA's 9mm service firearm.

15.    ELVIN was then arrested and handcuffed by Officer CARVAJAL and turned facedown in the street while Officer MARTINEZ pointed his firearm at ELVIN.

16.    As ELVIN was lying on the street within the custody of the CITY OF HIALEAH writhing in pain and clinging to life, Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ failed to render and/or afford any appropriate aid or effect proper lifesaving procedures.

17.    Ultimately, on January 8, 2002, as directly and proximately caused by the foregoing acts and omissions attributable to the herein-named Defendants, ELVIN SOLIVAN died facedown in the street.


## IV.   GENERAL ALLEGATIONS

18.    Officer CALDARA has a history of being investigated and disciplined on multiple occasions as a law enforcement officer for improprieties and misconduct, including violations that led to the termination of his employment by the City of Hialeah on two prior occasions in 1995 and 1998.

19.    Officer CALDARA's prior improprieties include the intentional and reckless use of his service handgun while on duty, as well as CALDARA's deliberate misrepresentation of the accounts of the incident(s).

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

20.     Despite successive interim terminations of Officer CALDARA's employment by City of Hialeah MAYOR, RAUL L. MARTINEZ, at the recommendation of Hialeah Police CHIEF, ROLANDO D. BOLAÑOS, Officer CALDARA was reinstated and continued to operate as a fully weaponized police officer in the field.

21.     At all times material hereto, the CITY OF HIALEAH, MAYOR and CHIEF had in place formal protocols, procedures and measures for sanctioning and/or taking remedial action to prevent persistent misconduct by City police officers in order to not create a foreseeable risk of safety to individuals such as ELVIN SOLIVAN and the general public.

22.     Despite the various safe employment options available to the CITY OF HIALEAH, MAYOR and CHIEF, besides returning CALDARA to the field with a lethal weapon, Defendants failed to take appropriate action which created a foreseeable risk to the general public, and proximately resulted in the death of ELVIN SOLIVAN.

23.     Despite the shooting death of ELVIN SOLIVAN, Officer CALDARA currently remains employed by the City of Hialeah Police Department as a field police officer.

24.     The CITY OF HIALEAH has in place a formal and specific program to train its police officers in the policies, procedures and use of "less lethal" weapons and/or less than lethal measures.

25.     Officer RUIZ has been trained and is certified on the protocol and use of a "less lethal" weapon.

26.     Despite the CITY OF HIALEAH having a police training program in place that includes "less lethal" procedures, Officer CALDARA has not been trained or

certified in the appropriate awareness, strategies and usage protocols for "less lethal" deployment.

27.     The CITY OF HIALEAH has in place a formal and specific program to train its police officers to render aid, perform cardiopulmonary resuscitation techniques and deploy other first-responder procedures when faced with life-threatening situations, which includes such attention to arrestees and/or other persons in custody.

28.     Despite the existence of first-responder policies and procedures, while ELVIN's life was subject to manifest threat, no such aid-rendering deployment was ever undertaken or attempted by the CITY OF HIALEAH, its Police Department or the Defendant Officers.  Additionally, certification records maintained by the City of Hialeah Police Department confirm that the CITY OF HIALEAH failed to train and/or enforce maintenance of cardiopulmonary resuscitation certifications and/or training of its police officers, including those at the scene of the subject incident.

29.     On the evening of Tuesday, January 8, 2002, at approximately 10:40 p.m., an off-duty Hialeah Police Officer, Dominic Frada, reported a possible case of careless driving, when a gray Pontiac was allegedly observed weaving through traffic while traveling northbound on West 12th avenue from the direction of West 49th Street in Hialeah, Florida.

30.     That same evening, Officer CALDARA was working on traffic enforcement and zoning violation assignments for the CITY OF HIALEAH Police Department while stationed at the corner of West 12th Avenue and West 68th Street.

31.     Officer CALDARA and/or other officers are said to have observed a vehicle with a color, make and/or model that could have matched with which the

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

description provided per Officer Frada's report concerning the possible commission of a traffic offense.

32.    ELVIN SOLIVAN was the driver of a gray Pontiac that was being pursued by Officer CALDARA, in an unmarked vehicle, followed by Officer RUIZ, in a marked vehicle with full emergency equipment, and thereafter by Officers CARVAJAL and MARTINEZ for the alleged traffic weaving.

33.    As ELVIN slowed to turn on West 75th Street, Officer CALDARA, came upon the Pontiac at an unsafe speed for the distance separating the cars. Officer CALDARA maintained a series of improper positions that caused one or more collisions with the Pontiac, including driving to the left side of ELVIN at which time he impacted with the driver door area of the Pontiac in violation of police protocols and/or administrative order(s).

34.    Officer RUIZ had witnessed the collision and stopped his car a few yards to the rear of the Pontiac and observed ELVIN struggling to open the impacted driver's side door to get out.

35.    Officer RUIZ then retrieved his "less lethal" weapon which was loaded with non-penetrating "bean bag" rounds composed of lead shot-filled fabric bag also known as a "sock round", and confronted ELVIN; Officer RUIZ then walked in the open towards the Pontiac without protective positioning, and ordered ELVIN to get out of the car and show his hands.

36.    ELVIN struggled to exit the driver's side door, as it had become inoperable due to the earlier impact from Officer CALDARA's vehicle, and ELVIN was forced to exit through the passenger door.

9

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

37.     Officer RUIZ began firing his "less lethal" shotgun at ELVIN, and hit ELVIN with at least three successive rounds.

38.     Despite a protocol, policy, custom, and/or procedure for use of such weapon requiring that an officer shout "non-lethal" as a cautionary protection to alert any other police officers that may be in the vicinity that the situation is less than lethal, Officer RUIZ did not shout any warning that would apprise the officers of the reduced threat involved.

39.     At the time of RUIZ' firing of the less lethal rounds, Officer CALDARA was standing unprotected in the open, approximately ten feet away.

40.     Officer CALDARA witnessed *no firearm or similar looking object* displayed by ELVIN. Officer CALDARA observed *no muzzle flash of any sort* emanating from ELVIN's direction. Accordingly, Officer CALDARA was at no time confronted with any threat of force or violence to himself or fellow officers.

41.     Nonetheless, Officer CALDARA fired multiple 9mm rounds with his service firearm which struck ELVIN and, in combination with the additional circumstances alleged herewith, proximately caused ELVIN's death.

42.     After having been shot, ELVIN was detained at gunpoint by Officer MARTINEZ and handcuffed by Officer CARVAJAL, turned over and left faced down on the ground within the custody of the CITY OF HIALEAH through its police department.

43.     No officer at the scene evaluated ELVIN to assess the severity of his wounds or the extreme urgency with which he required medical care.

44.     No officer at the scene gave an accurate account to Fire Rescue that ELVIN had sustained multiple life-threatening gunshot wounds; as such, Fire Rescue

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

did not respond with the appropriate level of urgency that is warranted under such circumstances.

45.    Fire Rescue responded to the shooting scene in accordance with the protocols associated with the injury severity level that was eventually reported to Fire Rescue, to wit: a traffic accident with unknown injuries.

46.    No officer at the scene rendered proper first-responder medical attention and/or cardiopulmonary resuscitation procedures.

47.    While handcuffed and in custody of the CITY OF HIALEAH police department, ELVIN was positioned and forced to remain facedown, which inhibited his ability to breathe and increased his risk of asphyxiation while suffering from life-threatening injuries.

48.    The Medical Examiner's determination confirmed that ELVIN SOLIVAN died from multiple gunshot wounds.

49.    The projectiles recovered from ELVIN's body are confirmed to have been fired from Officer CALDARA's 9mm service firearm.

50.    At all times material hereto, ELVIN SOLIVAN was unarmed and no weapon had been found at or near ELVIN's path or deceased body.

51.    At all times material hereto, ELVIN SOLIVAN was a minor child as defined by the provisions of the Florida Wrongful Death Act. Fla. Stat. §768.18(2).

52.    All applicable notice and/or further conditions precedent to the bringing of this action, if any, have occurred and/or been complied with.

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

## V.   SPECIFIC COUNTS OF COMPLAINT

### COUNT ONE:

**TITLE 42 U.S.C. §1983 CLAIM vs. DEFENDANTS CITY OF HIALEAH,
MAYOR RAUL L. MARTINEZ and CHIEF ROLANDO D. BOLAÑOS**

53.    The facts and allegations stated above in paragraphs 1 through 52 are hereby realleged and incorporated herewith by reference as though fully set forth herein.

54.    This is a statutory cause of action based upon Title 42 U.S.C. §1983 alleging violations of the Decedent's rights under the Fourth Amendment to be free from excessive force and unreasonable searches and seizures, and rights to due process afforded by the Fourteenth Amendment.

55.    At all times material to this action, the CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ and CHIEF ROLANDO D. BOLAÑOS owed a duty of care and preservation of safety to the welfare of the general public and individuals such as ELVIN SOLIVAN, including the preservation of those rights afforded by the United States Constitution.

56.    Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ and CHIEF ROLANDO D. BOLAÑOS were aware that Officer CALDARA had a history of misconduct as a law enforcement officer including, without limitation, previous negligent use of his service handgun, false reporting and/or falsification of activity records, and making intentional misrepresentations as to the accounts and occurrences involved therewith, while employed as a police officer for the CITY OF HIALEAH.  As such, Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS knew or should have known, through diligent exercise of their official

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

duties, that CALDARA was unqualified to serve as a police officer in the field inasmuch as the CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS, through actions and/or omissions, knowingly and with deliberate indifference to the safety of the general public and ELVIN SOLIVAN, allowed Officer CALDARA to continue to operate as a field officer, thereby creating a foreseeable risk and breach of duty of care to the safety of the general public and ELVIN SOLIVAN, proximately resulting in ELVIN SOLIVAN's death through the use of objectively unreasonable, excessive force. Any reasonable person would have known or foreseen that such risk to public safety could have resulted in serious injury or death, as transpired with respect to ELVIN SOLIVAN.

57.    Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS, have a formal training policy and program in place to train the City's police officers in less-than-lethal procedures and use of a "less lethal" weapon, and knew or should have known, through diligent exercise of their official duties, that Officer CALDARA was not trained in the procedures and use of "less lethal" measures, and recklessly and with deliberate indifference to the safety of the general public and ELVIN SOLIVAN, allowed Officer CALDARA to operate as a field officer with inadequate training, creating a foreseeable risk and breach of duty of care owed to the general public and to ELVIN SOLIVAN, which proximately resulted in ELVIN's death.

58.    Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS knew or should have known, through diligent exercise of their official duties, that disparate, inconsistent and/or improper training existed among the City's police officers in the proper and lawful methods of traffic stops and/or

pursuits, proper and lawful methods of arresting a fleeing suspect, proper and lawful method of using a firearm and the appropriate use of deadly force, including the use of less-than-lethal procedures and less-lethal weapons, the proper positioning of an officer during a traffic stop, the proper and lawful method of seizing a person during arrest, the constitutional rights to due process of an arrestee while in custody, and the proper first-responder, life-saving and/or cardiopulmonary resuscitation procedures for rendering emergency aid. Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS, through actions and/or omissions, knowingly and with deliberate indifference to the safety of the general public and ELVIN SOLIVAN, failed to implement and/or enforce departmental procedure, policies, control and/or training to ensure that such disparate, inconsistent or improper training would not exist among its police officers so as to create a foreseeable risk, a consequential breach of the duty of care and safety owed to the general public and ELVIN SOLIVAN, and the violation of constitutional rights that proximately resulted in ELVIN's death.

59.     Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS, in their official capacity, knew or should have known, through diligent exercise of their official duties, of prior police misconduct within the police department, and had a duty of care, responsibility and control to implement, enforce and/or exhaust procedural options and/or policies in the best interests of the public in order to prevent such police misconduct that would create a foreseeable risk as described herein.  Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS recklessly, and with deliberate indifference to the safety of the general public, which includes ELVIN SOLIVAN, failed to implement such

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

policies and procedures, which proximately caused the death of ELVIN SOLIVAN, and thereby also created a *de facto* custom, which in effect ratified, condoned and allowed misconduct within the CITY OF HIALEAH police department.

60.     Subsequent to the shooting and death of ELVIN SOLIVAN, Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS had a duty of care and responsibility to impose the City's official remedial and/or disciplinary action, policies and procedures, to ensure that the police officers within their control, acting under color of law, would not ever be in a position or capacity to deprive anyone of their constitutional rights nor create a foreseeable risk to the safety of the general public. Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS recklessly, with deliberate indifference to the safety of the general public, failed to take said action, thereby reinforcing such *de facto* custom which ratifies, condones or allows misconduct within the City's police department.

61.     As a direct and proximate result of the reckless and deliberately indifferent acts and/or omissions of Defendants CITY of HIALEAH, MAYOR RAUL L. MARTINEZ and CHIEF ROLANDO D. BOLAÑOS, the decedent, ELVIN SOLIVAN was wrongfully and illegally shot to death through the use of unreasonable and excessive force and left to die without being afforded immediate and proper medical attention, resulting in the loss of the decedent's life, liberty and freedom, loss of wage earning capacity, loss of property, loss of enjoyment of life and loss of reputation. Additionally, the Plaintiffs, as the survivors of the decedent ELVIN SOLIVAN, have suffered severe mental anguish,

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

the loss of their son and grandson, and his support, services and companionship, all in connection with the deprivation of the decedent's constitutional rights.

WHEREFORE, based upon the foregoing, the Plaintiff(s) pray for the following relief: (1) declaratory judgment that the policies, customs, practices, and acts and/or omissions complained of herein are illegal and unconstitutional; (2) judgment against Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ and CHIEF ROLANDO D. BOLAÑOS in their official capacities for compensatory damages together with costs including pre- and post-judgment interest for all economic losses, (3) reasonable attorney fees; and (4) such further necessary and proper relief that the Court deems appropriate, and demands a trial by jury of all issues so triable of right.

## COUNT TWO:

### TITLE 42 U.S.C. §1983 CLAIM vs. DEFENDANT OFFICERS FRANK CALDARA, HERBERT RUIZ, FERNANDO CARVAJAL, and CHRISTOPHER M. MARTINEZ

62.    The facts and allegations stated above in paragraphs 1 through 52 are hereby realleged and incorporated herewith by reference as though fully set forth herein.

63.    This is a statutory cause of action based upon Title 42 U.S.C. §1983 alleging violations of the Decedent's rights under the Fourth Amendment to be free from excessive force and unreasonable searches and seizures, and rights to due process afforded by the Fourteenth Amendment.

64.    Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ knew or should have known proper departmental protocols, policies and procedures with regards to the proper and lawful methods of traffic stops and/or pursuits, proper and lawful methods of arresting a fleeing suspect, proper and lawful method of using a firearm and the

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

appropriate use of deadly force, including the use of less-than-lethal procedures and less-lethal weapons, the proper positioning of an officer during traffic and/or other stops, the proper and lawful method of seizing a person during arrest, and the constitutional rights to due process of an arrestee while in custody, and first-responder attention, including cardiopulmonary resuscitation. Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ recklessly, with deliberate disregard for the safety of the general public and ELVIN SOLIVAN, failed to follow said protocols, policies and/or procedures, thereby creating a foreseeable zone of risk and consequential breach of duty of care owed to the general public and to ELVIN SOLIVAN, while depriving ELVIN of the rights afforded to him by the Unites States Constitution.  As a direct and proximate result of actions and/or omissions of Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ, ELVIN SOLIVAN was wrongfully and illegally shot to death through the use of objectively unreasonable and excessive force, and left facedown in handcuffs to die in the street.

65.     Officer CALDARA owed a duty of care to ELVIN SOLIVAN including his constitutional rights to be free from unreasonable force and seizure. Officer CALDARA knowingly, maliciously, recklessly, and with deliberate disregard for the safety of ELVIN SOLIVAN, mishandled and/or misused his service firearm, and resolved to the use of unwarranted deadly force, proximately causing the death of ELVIN SOLIVAN, thereby grossly depriving him of the rights, privileges, and immunities secured by the Fourth Amendment of the Constitution of the United States.

66.     Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ owe a duty of care to arrestees while in police custody, such as ELVIN SOLIVAN. Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ knew or should have known through the diligent

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

exercise of their duties that ELVIN SOLIVAN sustained multiple gunshot wounds. Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ knowingly and maliciously acted with reckless and deliberate disregard for ELVIN's Fourteenth Amendment rights by failing to assess the severity and medical urgency of his wounds, failing to give appropriate first-responder medical assistance, and failing to give an immediate and accurate account to Fire Rescue of the life-threatening nature of the gunshot wounds, which proximately resulted in ELVIN SOLIVAN's death.

67.    As a direct and proximate result of the reckless and deliberate indifference exhibited per the acts and/or omissions of Defendants CALDARA, RUIZ, CARVAJAL and MARTINEZ, the decedent, ELVIN SOLIVAN was wrongfully and illegally shot to death through the use of unreasonable and excessive force and left to die without being afforded proper immediate medical attention, resulting in the loss of the decedent's life, liberty and freedom, loss of wage earning capacity, loss of property, loss of enjoyment of life and loss of reputation.   Additionally, the Plaintiff(s), as the survivors of the decedent ELVIN SOLIVAN, have suffered severe mental anguish, the loss of their son and grandson, and his support, services and companionship, all in connection with the deprivation of the decedent's constitutional rights.

68.    The actions and/or omissions of Defendant Officer FRANK CALDARA were oppressive, extremely reckless and effected with deliberate indifference, thereby entitling the Plaintiff to an award of punitive damages.

WHEREFORE, based upon the foregoing, Plaintiff(s) pray for the following relief: (1) declaratory judgment that the policies, customs, practices, and acts and/or omissions complained of herein are illegal and unconstitutional; (2) judgment against

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

Defendants Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ for compensatory damages together with costs including pre- and post-judgment interest for all economic losses; (3) judgment for punitive damages against Defendants Officer FRANK CALDARA in his individual capacity; (4) reasonable attorney fees; and (5) such further necessary or proper relief the Court deems appropriate, and demands trial by jury of all issues so triable of right.

### COUNT THREE:

### WRONGFUL DEATH CLAIM vs. DEFENDANTS CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, CHIEF ROLANDO D. BOLAÑOS, OFFICERS FRANK CALDARA, HERBERT RUIZ, FERNANDO CARVAJAL and CHRISTOPHER M. MARTINEZ

69.   The facts and allegations stated above in paragraphs 1 through 52 are hereby realleged and incorporated herewith by reference as though fully set forth herein.

70.   The death of ELVIN SOLIVAN was caused by gunshot wounds inflicted upon him by Officer CALDARA as a result of his negligent handling and/or misuse of his service firearm, and/or negligent resolve to use unwarranted deadly force, together with the negligent actions and/or omissions of Officers RUIZ, CARVAJAL and CHRISTOPHER M. MARTINEZ, and the negligent actions and/or omissions of the CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, CHIEF ROLANDO D. BOLAÑOS.

71.   The death of ELVIN SOLIVAN proximately resulted from the negligent actions and/or omissions of Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, CHIEF ROLANDO D. BOLAÑOS, and Officers CALDARA, RUIZ,

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

CARVAJAL and CHRISTOPHER M. MARTINEZ, acting in the course and scope of their employment and/or official duties pursuant, but not limited to, the following:

72.    Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS owed a duty of care to the safety and welfare of the general public and to ELVIN SOLIVAN, inasmuch as said Defendants were aware that Officer CALDARA had a history of misconduct as a law enforcement officer including, without limitation, previous negligent use of his service handgun, and knew or should have known, through diligent exercise of their official duties, that CALDARA was unqualified to serve as a police officer in the field within the CITY OF HIALEAH.  As such, Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS, through actions and/or omissions, negligently allowed Officer CALDARA to continue to operate as a field officer, thereby creating a foreseeable risk and breach of duty of care owed to the general public and ELVIN SOLIVAN, proximately resulting in the death of ELVIN SOLIVAN through Officer CALDARA's use of objectively unreasonable, excessive force. Any reasonable person would have known or foreseen that such risk to public safety could have resulted in serious injury or death, as resulted to ELVIN SOLIVAN.

73.    Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS owed a duty of care to the safety of the general public and to ELVIN SOLIVAN, inasmuch as they were aware of previous police misconduct within the CITY's police department, and knew or should have known, through diligent exercise of their official duties, that their negligent failure to exhaust and/or implement sanctions and/or remedial actions to correct previous misconduct, prior to and after the

shooting death of ELVIN SOLIVAN, would create a *de facto* custom and/or policy that would condone, ratify and/or allow further misconduct, thereby creating a foreseeable risk to the safety of the general public, such as proximately resulted in the death of ELVIN SOLIVAN.

74.    Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS owed a duty of care to the safety of the general public and to ELVIN SOLIVAN, inasmuch as they knew or should have known, through diligent exercise of their official duties, that disparate, inconsistent and/or improper training existed among the CITY's police officers, in the proper and lawful methods of traffic stops and/or pursuits, proper and lawful methods of securing and arresting a suspect, proper and lawful method of using a firearm and the appropriate use of deadly force, including the use of less than lethal procedures and/or less than lethal weapons, the proper positioning of an officer during a traffic stop, and the proper and lawful method of seizing a person during arrest, and the constitutional rights to due process of an arrestee while in custody, and in the State mandated cardiopulmonary resuscitation certifications. Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, and CHIEF ROLANDO D. BOLAÑOS, through actions and/or omissions, negligently failed to implement and/or enforce departmental procedure, policies, control and/or training to ensure that such disparate, inconsistent or improper training would not exist among its police officers so as to create a foreseeable risk and consequential breach of duty of, such as proximately resulted in the death of ELVIN SOLIVAN.

75.    Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ owed a duty of care to the general public and to ELVIN SOLIVAN, inasmuch as they knew or should

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

have known proper departmental protocols, policies and procedures with regards to the proper and lawful methods of traffic stops and/or pursuits, proper and lawful methods of securing and arresting a suspect, proper and lawful method of using a firearm and the appropriate use of deadly force, including the use of less than lethal procedures and/or less than lethal weapons, the proper positioning of an officer during a traffic stop, and the proper and lawful method of seizing a person during arrest, and the constitutional rights to due process of an arrestee while in custody, and first-responder attention, including cardiopulmonary resuscitation. Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ negligently failed to follow said protocols, policies and/or procedures, thereby creating a foreseeable zone of risk and consequential breach of the prevailing duty of care.   As a direct and proximate result of Officers CALDARA's, RUIZ', CARVAJAL's and MARTINEZ' negligent actions and/or omissions, ELVIN SOLIVAN was wrongfully and illegally shot to death through the use of objectively unreasonable and excessive force, and left facedown on the street to die.

76.     Officer CALDARA owed a duty of care to the general public and to ELVIN SOLIVAN, to conduct himself reasonably and safely in attempting to arrest, stop, and/or detain ELVIN.  Officer CALDARA knowingly, maliciously, recklessly, and with deliberate disregard mishandled and/or misused his service firearm, and/or resolved to the use of unwarranted deadly force, despite the fact that he saw no weapon or like object being exhibited or handled by ELVIN.  Officer CALDARA's use and/or decision to use his service firearm proximately resulted in the unconstitutional and unnecessary death of ELVIN SOLIVAN.

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

77.     Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ owed a duty of care to arrestees while in police custody, such as ELVIN SOLIVAN. Officers CALDARA, RUIZ, CARVAJAL and MARTINEZ knew or should have known through diligent exercise of their duties that ELVIN SOLIVAN sustained gunshot wounds, and negligently failed to assess the severity or medical urgency of his wounds, failed to give first-responder medical assistance, and failed to give an immediate and accurate account to Fire Rescue of the life-threatening gunshot wounds, which proximately resulted in ELVIN SOLIVAN's death.

78.     Pursuant to the existing circumstances, Defendants CITY OF HIALEAH, MAYOR RAUL L. MARTINEZ, CHIEF ROLANDO D. BOLAÑOS, and Officers CALDARA, RUIZ, CARVAJAL and CHRISTOPHER M. MARTINEZ breached the duty of care they owed to ELVIN SOLIVAN, and all of the foregoing negligent acts and/or omissions were the proximate cause of the wrongful death of ELVIN SOLIVAN and the damages sustained by the Plaintiffs, as a result of ELVIN'S death.

79.     As set forth above, a legal duty was owed by each Defendant to ELVIN SOLIVAN, each of the Defendants breached that duty owed to ELVIN SOLIVAN, manifest injury to ELVIN SOLIVAN was legally caused by the breaches of Defendants, and damages including the death of ELVIN SOLIVAN resulted from the injuries inflicted by the Defendants.

WHEREFORE, based upon the foregoing, Plaintiff(s) pray for the following relief:

(1)     declaratory judgment that the policies, customs, practices, and acts and/or omissions complained of herein are illegal, unconstitutional, wrongful and/or negligent;

*Estate of Elvin Solivan v. City of Hialeah, et al.*
Complaint

(2)    compensatory damages for ELVIN SOLIVAN, including medical and funeral expenses, and for the loss of prospective net accumulations on behalf of the ESTATE OF ELVIN SOLIVAN;

(3)    for damages for loss of ELVIN SOLIVAN's support and services, including future support and services, loss of companionship and mental pain and suffering on behalf of Plaintiff NESTOR SOLIVAN, ELVIN SOLIVAN's Father and Legal Survivor, and Plaintiff CECILIA SOLIVAN, ELVIN SOLIVAN's Grandmother and Legal Survivor, Individually and as Personal Representative of the ESTATE OF ELVIN SOLIVAN;

(4)    reasonable attorney fees; and

(5)    such further necessary and/or proper relief that the Court deems appropriate, just and warranted in light of the foregoing. Plaintiff(s) further demand a trial by jury of all issues so triable of right.

## VI.    DEMAND FOR JURY TRIAL

DEMAND is hereby made for a trial by jury of all issues triable of right in each count of the within complaint.

DATED this  22nd  day of December, 2003.

HAYMES & ASSOCIATES, P.A.
Attorneys for Plaintiffs
2916 South Douglas Road – First Floor
Coral Gables, Florida 33134-6928 USA
305 379-7900 Telephone
305 379-7909 Facsimile
keith@haymeslaw.com

By: _____

KEITH HAYMES
Florida Bar No.: 372056

*L:kh.estate.elvin.solivan.city.hialeah.12.03*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

SIMONTON

**I.(a) PLAINTIFFS** CECILIA SOLIVAN, Individually and as Personal Representative of the ESTATE OF ELVIN SOLIVAN, on belalf of the Legal Survivors of ELVIN SOLIVAN, Deceased.

**DEFENDANTS** CITY OF HIALEAH, Municipality within the State of Florida, RAUL L. MARTINEZ, Individuall and in Official Capacity as Hialeah Mayor, ROLANDO D. BOLANOS, Individually and in Official Capacity as Hialeah Police Chief, FRANK CALDARA, HERBERT RUIZ, FERNANDO CARVAJAL, CHRISTOPHER M. MARTINEZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Miami-Dade__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Miami-Dade__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade  03-23374 CIV ASECLANS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Keith Haymes, Haymes & Associates, P.A.
2916 So.Douglas Rd. - 1st Floor, C.Gables 33134
305-397-7900

ATTORNEYS (IF KNOWN)
Rafael E. Granado, Assistant City Attorney
City of Hialeah, 501 Palm Ave, 33010
305-883-5854

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

| **II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) |
|---|---|

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | B☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC §1983 action vs. city, mayor, chief and police officers where violations of civil rights and procedures resulted in the wrongful death shooting of an unarmed 21 year-old suspected of a routine traffic violation.
via 5 days estimated (for both sides to entire case)

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES  ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  12/22/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT $150.00  APPLYING IFP _____  893905  JUDGE _____  MAG. JUDGE _____

12/22/03